IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE S. GAYLE,
    Plaintiff,

v.

OFFICER DORWARD, et al.,
    Defendants.

CIVIL ACTION NO. 20-CV-0651

## MEMORANDUM

RUFE, J.                                                                                                   FEBRUARY 24th, 2020

Wayne S. Gayle, a prisoner incarcerated at SCI Camp Hill, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against the Slatington Police Department and Officer Dorward of the Slatington Police Department, claiming constitutional violations in connection with a search, his arrest, and his prosecution and imprisonment. Gayle also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Gayle leave to proceed *in forma pauperis*[1] and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I. FACTUAL ALLEGATIONS

Gayle alleges that on February 12, 2018, Officer Dorward stopped a car in which he was a passenger because of a minor traffic violation. (Compl. ECF No. 2 at 4.)[2] Gayle alleged that

---

[1] Gayle's submissions explain that he has been transferred among various institutions and that, despite contacting the Lehigh County Prison, he was unable to obtain his account statement for the time he spent at that facility. As Gayle has submitted account information from the other two facilities where he was recently incarcerated, including SCI Camp Hill, and as he has explained his efforts to the Court, the Court will treat his submission as substantial compliance with 28 U.S.C. § 1915(a)(2).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

Officer Dorward exceeded the scope of the initial stop when he removed Gayle from the vehicle and searched him "while no probable cause existed for him to do so." (*Id.*) Gayle alleges that he was taken into custody for three hours, questioned, handcuffed and held in a holding cell. (*Id.*) Gayle was released but approximately a month-and-a-half later, received notice that Officer Dorward filed charges against him for possession stemming from the traffic stop. (*Id.*)

As a result of the charges, Gayle was required to attend criminal proceedings in state court. (*Id.* at 5.) He claims that the affidavit of probable cause supporting the prosecution suffered from various defects. (*Id.*) Gayle also claims other defects in the prosecution, and notes that he was imprisoned for over ten months at the Lehigh County Prison while fighting the charge.[3] (*Id.*) The public docket for Gayle's underlying criminal proceeding reflects that he was charged with one count of possession of a controlled substance and pled guilty to the charge. *See Commonwealth v. Gayle*, CP-39-CR-0001912-2018 (Lehigh C.C.P.).

Gayle alleges that his constitutional rights were violated by "the illegal search which lacked probable cause as well as [him] being subjected to the criminal justice system and then being confined in imprisonment while the lack of probable cause existed."[4] (Compl. ECF No. 2 at 5.) Gayle seeks millions of dollars in damages. (*Id.* at 4.)

## II. STANDARD OF REVIEW

---

3 It is unclear from the Complaint and the public record whether Gayle's 10 months of imprisonment was as a pretrial detainee or for a sentence after his guilty plea.

[4] The Complaint also purports to bring claims under the Pennsylvania Constitution. However, as there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed as legally frivolous. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

2

The Court will grant Gayle leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gayle is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[5] However, as Gayle is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

### A. Slatington Police Department

Gayle has failed to state a claim against the Slatington Police Department. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the Slatington Police Department is not a proper defendant in this § 1983 action.

In any event, Gayle has not pled a basis for municipal liability. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Gayle has not done so here.

### B. Officer Dorward

4

Gayle's claims against Officer Dorward also fail. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Here, Gayle seeks damages for imprisonment and for alleged constitutional violations that occurred in the course of a criminal prosecution that did not terminate in his favor. As Gayle's underlying conviction and imprisonment have not been reversed or otherwise invalidated, Gayle's constitutional claims predicated on defects in the charging instrument, his prosecution, and his related imprisonment are not cognizable at this time.

However, *Heck* does not bar all Fourth Amendment claims. *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action [i.e., a suit for damages attributable to an allegedly unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted). "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'" *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d

5

169, 173 (3d Cir. 1998)). *Heck* "requires District Courts to determine whether each claim — if successful — would imply the invalidity of the conviction or sentence." *Id.* at 224 (quoting *Gibson v. Superintendent*, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether *Heck* applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry)).

*Heck* does not necessarily bar Gayle's Fourth Amendment claims challenging Officer Dorward's search of his person and his arrest on the evening of the traffic stop, although *Heck* prevents Gayle from recovering damages on those claims for any injury related to his conviction and imprisonment allegedly stemming from the February 12, 2018 events.[6] *See Heck*, 512 U.S. at 487 n.7 ("[T]he § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." (citations omitted)); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (observing that "[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, . . . [plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). However, Gayle's Fourth Amendment claims related to the events of February 12, 2018 fail because they are not adequately pled.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.

---

[6] If Gayle's reference to the Fifth Amendment in his Complaint was intended to convey an intention to bring a claim based on alleged violations of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) in connection with his interrogation, any such claim fails. *See Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial."). All other claims relate to Gayle's prosecution and are therefore barred at this time.

6

amend. IV. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Likewise, "probable cause justifies a search." *Whren v. United States*, 517 U.S. 806, 819 (1996)

Here, Gayle has not alleged sufficient facts to state a plausible claim that he was searched or seized without probable cause. Although he baldly alleges that Officer Dorward searched him and held him without probable cause, he does not provide factual allegations in support of those conclusory assertions. In other words, Gayle has failed to allege sufficient facts and circumstances about the search and seizure on February 12, 2018 to support a plausible inference that Officer Dorward lacked probable cause to search and detain him for possessing a controlled substance (a charge to which he later pled guilty). His claims therefore fail. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gayle leave to proceed *in forma pauperis* and dismiss his Complaint. Gayle's claims against the Slatington Police Department are dismissed with prejudice because amendment would be futile.

Gayle may file an amended complaint, limited to his claims against Officer Dorward, only in the event he can correct the defects the Court has identified in his claims related to the

7

search and seizure that occurred on February 12, 2018. Gayle's remaining claims are dismissed without prejudice to him filing a new civil action only in the event his underlying conviction is reversed, vacated, or otherwise invalidated. An appropriate Order follows.

**BY THE COURT:**

_____
**CYNTHIA M. RUFE, J.**