# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE S. GAYLE,<br>**Plaintiff,** | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 20-CV-0651** |
| OFFICER DORWARD, *et al.*,<br>**Defendants.** | :<br>:<br>: |

## ORDER

AND NOW, this 24th day of February, 2020, upon consideration of Plaintiff Wayne S. Gayle's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), his *pro se* Complaint (ECF No. 2), and his Letter (ECF No. 5), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Wayne S. Gayle, #NZ-4804, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gayle's inmate account; or (b) the average monthly balance in Gayle's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Gayle's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Gayle's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Camp Hill.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

   a. Gayle's claims against the Slatington Police Department are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** this Defendant from the docket.

   b. Gayle's claims against Officer Dorward based on the search and seizure that occurred on February 12, 2018 are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph six (6) of this Order.

   c. Gayle's remaining claims against Officer Dorward are **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and may be reasserted by Gayle in a new civil action only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

6. Gayle may file an amended complaint against Officer Dorward within thirty (30) days of the date of this Order only with regard to claims based on the search and seizure that occurred on February 12, 2018. Any amended complaint must clearly state the factual basis for Gayle's claims. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Gayle should be mindful of the Court's reasons for dismissing the claims in his initial

Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Gayle a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Gayle may use this form to file his amended complaint if he chooses to do so.

8. The Clerk of Court is **DIRECTED** to send Gayle a form motion for appointment of counsel as requested in his letter (ECF No. 5).

9. If Gayle fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

*/s/ Cynthia M. Rufe*
**CYNTHIA M. RUFE, J.**